a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SHANE RUSSELL SAVAGE #08391-046,
Petitioner

CIVIL DOCKET NO. 1:25-CV-00810
SEC P

VERSUS

JUDGE EDWARDS

K GOLDEY,
Respondent

MAGISTRATE JUDGE PEREZ-MONTES

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Shane Russell Savage ("Savage"), a prisoner at the United States Penitentiary in Pollock, Louisiana. Savage challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because Savage does not establish that he is entitled to a speedier release from custody, the Petition (ECF No. 1) should be DENIED.

## I.    Background

Savage alleges that the BOP did not provide him with all the sentencing credit to which he is entitled, as ordered by the sentencing judge. ECF No. 1.

The Government responded to the Petition with a sworn declaration of Jon McEvoy ("McEvoy"), a Management Analyst at the Designation and Computation Center. ECF No. 9, 9-1. According to McEvoy, Savage is serving an aggregate

1

sentence of 312 months of imprisonment, consisting of various terms of imprisonment.  ECF No. 9-1 at 1.

On April 24, 2003, Savage was arrested in Gallatin County, Montana, on local charges related to a federal offense.  ECF No. 9-1 at 2.  He was released on bond the following day.  *Id.*

On May 1, 2003, Savage was arrested again by Gallatin County authorities and held in custody.  *Id.*  On July 29, 2003, Savage escaped from the Gallatin County Jail.  *Id.*; 9-2 at 8.  On December 1, 2003, Savage was arrested by the Billings Police Department in Billings, Montana. ECF No. 9-1 at 2.

On March 31, 2004, Savage was sentenced in the 18th Judicial District Court in Bozeman, Montana (Case Number DC-03-142), to 100 years' imprisonment, with 60 years suspended, resulting in a term of 40 years, for Escape, Tampering with a Witness, and Assault with a Weapon.  ECF No. 9-1 at 2.  Savage received 185 days of credit—64 days from May 27, 2003, through July 29, 2003, and 121 days from December 1, 2003, through March 30, 2004.  He was also sentenced to six months of imprisonment for theft in the same case.  The sentences were ordered to run concurrently.  ECF No. 9-1 at 2.

On April 9, 2004, Savage was sentenced in the 13th Judicial District Court, Billings, Montana (Case Number DC-03-0997), to five years of incarceration for Criminal Possession of Dangerous Drugs.  *Id.*  The sentence was ordered to run concurrently with Case Number DC-03-142.  *Id.*  The state of Montana applied 185 days of credit. *Id.*; 9-2.

On June 15, 2004, while in the primary custody of Montana authorities, Savage was "borrowed" by the United States Marshals Service ("USMS") pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum. *Id.*

On March 3, 2005, Savage was sentenced in the United States District Court for the District of Montana to 96 months of imprisonment in Case No. 03-CR-27, and 96 months of imprisonment in Case No. 04-CR-17. The court ordered the sentences to run consecutively, for a total term of 192 months of imprisonment. ECF No. 9-2 at 26-30. The court ordered the sentence to run concurrently with Savage's undischarged sentence in Case No. DC 03-142. *Id.*

On July 7, 2005, Savage was sentenced in another case in the District of Montana—04-CR-128—to two concurrent terms of 120 months of imprisonment. The court ordered that the sentence be run consecutively to the previously imposed federal sentences in Case Nos. 03-CR-27 and 04-CR-17. ECF No. 9-1 at 2. This resulted in an aggregate term of imprisonment of 312 months. *Id.*

On July 21, 2005, Savage was returned from "borrowed" custody to the Sate of Montana, with a detainer lodged. *Id.* at 2-3.

On September 25, 2013, Savage was officially paroled from Montana State custody to the exclusive custody of the United States Marshals Service. ECF No. 9-1 at 2.

Savage did not file a reply to the Government's Response.

## II.   Law and Analysis

The authority to grant or deny sentencing credit is specifically reserved for the United States Attorney General, who has delegated that responsibility to the BOP. *See U.S. v. Wilson*, 503 U.S. 329 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003).  A district court may review a challenge to the BOP's refusal to grant credit through a § 2241 Petition.[1] *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

A federal sentence commences "on the date the defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  The federal sentence cannot commence before its imposition, even if it runs concurrently with a sentence already being served. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) (citing *Wilson v. Henderson*, 468 F.2d 582, 584 (5th Cir. 1972)); BOP Program Statement 5880.28, Sentence Computation Manual at 1-13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed").

Although Savage remained in primary state custody until September 25, 2013, the BOP treated the federal sentence as running concurrently with the undischarged state sentence beginning March 3, 2005, consistent with the sentencing court's order. ECF No. 9-1 at 3.

---

[1] Section 2241 "is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) ); *see also Robinson v. United States*, 812 F.3d 476, 476 (5th Cir. 2016) (per curiam) (§ 2241 is used to challenge the manner in which a sentence is executed) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)).

Savage was awarded prior custody credit for time spent in state custody from April 24, 2003, through April 25, 2003, and from May 1, 2003, through May 26, 2003, because that time was not credited to his state sentence. *See* 18 U.S.C. § 3585(b)(2).

Savage was not credited with time spent in state pretrial custody from May 27, 2003, through July 29, 2003, and from December 1, 2003, through March 30, 2004, or for time spent in service of his state sentence from March 31, 2004, through March 2, 2005, as all that time was credited to his state sentence. ECF No. 9-1 at 3; *see* § 3585(b)(2) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention before the date the sentence commences . . . that has not been credited against another sentence.").

McEvoy indicates that the BOP considered whether Savage might be eligible for additional prior custody credits under *Willis v. United States*, 438 F2d 923 (5th Cir. 1971) and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). ECF No. 9-1 at 3. As explained in Program Statement 5880.28, Sentence Computation Manual, which incorporates the rulings of *Willis* and *Kayfez*, if the Raw Expiration Full Term date ("EFT") of the non-federal term is equal to or less than the Raw EFT of the federal term, then prior custody credits shall be given for qualified nonfederal presentence custody up to the date that the first sentence begins to run, federal or non-federal. However, if the RAW EFT of the non-federal term is greater than the RAW EFT of the federal term, the qualified non-federal presentence credit is applied to the non-federal term to determine if the adjusted non-federal EFT becomes earlier than the RAW EFT of the federal term. If the adjusted non-federal EFT becomes earlier than

the RAW EFT of the federal term, then the credit is applied to the federal term to reduce the federal Raw EFT to match the adjusted non-federal EFT.  ECF No. 9-1 at 3.

The Raw EFT for Savage's state sentence, 40 years from the date of imposition, would be March 30, 2044.  The Raw EFT for Savage's aggregate federal sentence, 312 months from March 3, 2005, is March 2, 2031.  Applying 185 days credit to the state EFT advances the completion of his state sentence to September 27, 2043.  Because the state EFT exceeds the federal EFT, Savage is not entitled to *Willis* credits.  And because the adjusted state EFT exceeds the federal EFT, Savage is not entitled to *Kayfez* credits.  ECF No. 9-1 at 3; 9-2 at 50-52.

Therefore, Savage has received all the sentencing credit to which he is legally entitled.

## III.   Conclusion

Because Savage cannot establish that he is entitled to a speedier release from custody, IT IS RECOMMENDED that the § 2241 Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, June 1, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE